Alejandro Gallegos
_____
(Name)
CIM-II 1-BH-134-U P.O. Box 368
_____
(Address)
Chino, CA 91708-0368
_____
(City, State, Zip)
T-63165
_____
(CDCR / Booking / BOP No.)

FILING FEE PAID
Yes___ No ✓

IFP MOTION FILED
Yes ✓ No

COPIES SENT TO
Court ✓ ProSe

FILED
JUN 18 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# United States District Court
## Southern District of California

Alejandro Gallegos                    ,

(Enter full name of plaintiff in this action.)

                    Plaintiff,

v.

K. Seeley, MD, Centinela ,

State Prison                          ,

_____               ,

_____               ,

(Enter full name of each defendant in this action.)

                Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. **'18CV1322 JAH BGS**
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
This Honorable Court has jurisdiction over Plaintiff's action

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Alejandro Gallegos
                                          (print Plaintiff's name)
_____, who presently resides at CIM-II A-Yard 1-BH-134-U,
P.O. Box 368, Chino, CA 91708-0368
                       (mailing address or place of confinement)
, were violated by the actions of

the below named individuals. The actions were directed against Plaintiff at Centinela

State Prison                          on (dates) 1/10/16, _____, and _____.

(institution/place where violation occurred)          (Count 1)      (Count 2)      (Count 3)

§ 1983 SD Form
(Rev. 8/15)

1   for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57

2   of the Federal Rules of Civil Procedure.

3        Venue is proper in the Southern District of California

4   under 28 U.S.C. § 1392(b)(2) because a substantial part of the

5   events giving rise to the claim occurred at Centinela State

6   Prison, Imperial, CA 92251-0731, in the Southern District of

7   California.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26        Additional page to assert additional authority relative to

27   this Honorable Court's jurisdiction.

28                                  - 2 -

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant ___K. Seeley, MD___ resides in ___Imperial County___,
           (name)                          (County of residence)
and is employed as a ___medical doctor (ophthalmologist)___ This defendant is sued in
                    (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: ___At all times mentioned herein, Defendant Seeley was___
___an employee of the California Department of Corrections and___
___Rehabilitation assigned to Centinela State Prison.___ .

Defendant _____ resides in _____,
           (name)                          (County of residence)
and is employed as a _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: _____

_____

_____.

Defendant _____ resides in _____,
           (name)                          (County of residence)
and is employed as a _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: _____

_____

_____.

Defendant _____ resides in _____,
           (name)                          (County of residence)
and is employed as a _____. This defendant is sued in
                    (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: _____

_____

_____.

- 3 -

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>: The following civil right has been violated:___Right to medical care_____

(E.g., right to medical care, access to courts,

_____

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

1. Plaintiff, while housed at Centinela State Prison, suffered from proliferative diabetic retinopathy with a nonclearing hemorrhage in his right eye. Plaintiff also had a visually significant cataract that decreased his vision and precluded a view to the posterior segment.

2. Plaintiff was scheduled for cataract extraction by phacoemulsification with intraocular lens implantation, right eye; trans pars plana vitrectomy with air fluid exchange, endolaser, C3F8 16% , avastin right eye.

3. Plaintiff underwent eye surgery on 1/8/16 at the UC San Diego Health System, 200 W. Arbor Dr., San Diego, CA 92103.

4. Following surgery, Plaintiff was returned to Centinela State Prison.

5. On 1/8/16, while being processed through the Centinela State Prison Triage and Treatment Area (TTA), Plaintiff was informed by health care staff that, pursuant to instructions and orders of Dr. K. Seeley, Plaintiff was to maintain a face down position for the next three days. Plaintiff was further informed that, per directions of Dr. Seeley, any and all future transports between Centinela State Prison and the UC San Diego Health System were to be made in such a manner that an altitude of 2,000 feet would not be exceeded. It was noted that failure to abide by these directions could result in the surgery not being successful.

6. On 1/9/18, during a followup medical examination, Defendant Seeley repeated his 1/8/16 instructions to Plaintiff.

- 4 -

§ 1983 SD Form
(Rev. 8/15)

7. On 1/10/16, Plaintiff was transported to UC San Diego Health System for post-op followup. Transporting officers had not been apprised of the restrictions regarding transports, and Plaintiff suffered pain and discomfort in his right eye as a result of Defendant Seeley failing to inform transportation officials of restrictions regarding Plaintiff's transport.

8. Plaintiff was transported to and from Centinela State Prison and UC San Diego Health System on multiple occasions between 1/8/16 and 3/31/16, and at no time did Defendant Seeley inform transportation officials of Plaintiff's needs regarding transportation between Centinela State Prison and UC San Diego Health system. As a direct consequence of Defendant Seeley's deliberate indifference to Plaintiff's medical needs; to wit: the need for Plaintiff to remain in a face down position, and not to exceed an altitude of 2,000 feet, Plaintiff suffered damage to his right eye which, according to UC San Diego Health System doctors necessitated the need for additional surgery.

9. Plaintiff underwent surgery to repair retinal detachment in March, 2016. Again, Defendant Seeley was instructed by UC San Diego Health System surgeons to ensure adherence to transportation restrictions; i.e., face down position of Plaintiff, and not to exceed 2,000 feet elevation.

10. Again, Defendant Seeley failed to inform transportation officials of the transport restrictions.

11. As a direct consequence of Defendat Seeley's willful failure to apprise transportation officials of Plaintiff's

1 transport restrictions, the March, 2016 surgery was not

2 successful.

3     12. Plaintiff underwent a third surgery for retinal

4 detachment in June, 2016. Again, Defendant Seeley failed to

5 inform transportation officials of the 2,000-feet elevation

6 ceiling and face-down prone position restrictions.

7     13. Again, as a direct consequence of Defendant Seeley's

8 willful failure to apprise transportation officials of

9 Plaintiff's transport restrictions, the June, 2016 surgery

10 was not successful.

11     14. Plaintiff's eye problems have been ongoing since

12 January, 2016. Plaintiff's vision has deteriorated quite

13 significantly, requiring constant updates and changes in his

14 eyeglasses prescription. Plaintiff was informed by Dr. F. Von

15 Lintig, P&S-Centinela, that previous eye surgeries may very

16 well have corrected his vision problems IF all transportation

17 restrictions had been disseminated to transportation officials

18 and adhered to during all transports.

19     15. Plaintiff is scheduled for yet another eye surgery

20 this month (June, 2018), the need for which was caused by

21 Defendant Seeley's willful failure to apprise transportation

22 officials of transport restrictions.

23     16. Defendant Seeley violated Plaintiff's right to be

24 free from cruel and unusual punishment guaranteed to the

25 Plaintiff by the Eighth Amendment of the United States

26 Constitution by his deliberate indifference to Plaintiff's

27 medical needs and other violations of the law against

28

1  Plaintiff.

2  17. Defendant Seeley's wrongful actions alleged herein

3  are in violation of 42 U.S.C. § 1983 because they have

4  deprived Plaintiff of rights, benefits, and privileges

5  secured by the United States Constitution.

6  18. Defendant Seeley acted under color of state and

7  federal law.

8  19. Defendant Seeley knew or should have known that his

9  deliberate indifference and actions created an unreasonable

10  risk of serious harm to Plaintiff.

11  20. The actions and conduct of Defendant Seeley

12  demonstrate deliberate indifference to Plaintiff's Eighth

13  Amendment rights.

14  21. As a proximate result of Defendant Seeley's violation

15  of Plaintiff's right to be free from cruel and unusual

16  punishment while he was housed at Centinela State Prison,

17  Plaintiff has suffered, is suffering, and will continue to

18  suffer irreparable harm.

19  22. As a direct and foreseeable result of Defendant

20  Seeley's violations of the Eighth amendment, Plaintiff has

21  suffered, is suffering, and will continue to suffer physical

22  injuries in the form of damage to his right eye.

23  23. As a direct and foreseeable result of Defendant

24  Seeley's vilations of the eighth amendment, Plaintiff has

25  suffered, is suffering, and will continue to suffer injuries

26  in the form of pain and suffering, emotional distress, mental

27  distress, vision loss, and other injuries.

28  - 7 -

24. An actual controversy exists between Plaintiff and Defendant Seeley concerning their rights, privileges, and obligations.

25. Defendant Seeley's acts were willful, intentional, malicious, wanton, and despicable in conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of exemplary damages.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  □ Yes  ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____
_____.

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____
_____.

(d)  Issues raised: _____

_____

_____

_____

_____.

(e)  Approximate date case was filed: _____.

(f)  Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ?  ☒ Yes  □ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not exhausted.

CDCR form 602 filed at CIM-II; routed to Centinela State Prison

by CIM-II Appeals Coordinator; Appeal denied by Centinela State

Prison staff.

_____

_____

_____

_____

_____.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

        1. An injunction preventing defendant(s):

_____

_____

_____

_____

        2. Damages in the sum of $ _250,000.00_____ .

        3. Punitive damages in the sum of $ _5,000,000.00____ .

        4. Other:_____

_____

**F. Demand for Jury Trial**

    Plaintiff demands a trial by ☒ Jury ☐ Court.  (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate    **OR**    ☐ Plaintiff requests that a district judge
     judge jurisdiction as set forth                        be designated to decide dispositive
     above.                                        matters and trial in this case.

    _June 4, 2018_                            _Alejandro Vallega_

    Date                                        Signature of Plaintiff

- 10 -

§ 1983 SD Form
(Rev. 8/15)

