UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALEJANDRO GALLEGOS, | Case No.: 18cv1322-JAH (MSB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 29]** |
| K. SEELEY, M.D., | |
| Defendant. | |

On December 6, 2018, Plaintiff Alejandro Gallegos ("Plaintiff") submitted his first motion for appointment of counsel that the Court accepted on discrepancy on December 11, 2018. (See ECF Nos. 12 and 13.) In support of his first request for counsel, Plaintiff stated that he cannot afford counsel, his imprisonment will interfere with his ability to litigate this case, he has limited access to the law library, and he is a citizen of Mexico with limited understanding of English. (See ECF No. 13 at 1-2.) He claimed that this is a complex case that will require investigation, the use of experts, and require Plaintiff to challenge the credibility of witnesses through cross examination. (Id.) On December 18, 2018, the Court denied the motion without prejudice. (See ECF No. 19.)

/ / /

/ / /

1

On August 28, 2019, Plaintiff submitted a second motion for appointment of counsel[1] that the Court accepted on discrepancy on August 27, 2019. (See ECF Nos. 28, 29.) In support of his request for counsel, Plaintiff repeats the claims he stated in his first motion, but now states that he has provided documentary evidence supporting the likelihood of success at trial. (Id.) Plaintiff also raises issues regarding discovery that he claims relate to his ability to articulate his claims. (Id.)

## I. RELEVANT BACKGROUND

Plaintiff, a California prisoner proceeding pro se and in forma pauperis, filed this civil rights case alleging a violation of the Eighth Amendment against Defendant K. Seeley, M.D., a doctor at Centinela State Prison. (See ECF No. 1 at 4-5.) Plaintiff's claim arises from Dr. Seeley's alleged failure to inform transportation officials of travel restrictions that applied to Plaintiff during several transports related to multiple eye surgeries in 2016. (Id.) Defendant filed an Answer in this case on October 11, 2018. (See ECF No. 7.) Plaintiff submitted his first motion for appointment of counsel and a reply to Defendant's answer on December 6, 2018. (See ECF Nos. 12-15.) The Court held a Case Management Conference on December 17, 2018. (See ECF No. 17.) The Court issued a Scheduling Order on December 18, 2018, (see ECF No. 18 at 3), held a Mandatory Settlement Conference on March 27, 2019, (see ECF No. 23), and held a Settlement Conference on August 7, 2019, (see ECF No. 27). Since the instant motion was filed on August 27, 2019, (ECF No. 29), the Court held a telephonic status conference to address discovery and communications issues raised by Plaintiff in the instant motion on October 7, 2019, (ECF No. 31).

///
///

---

[1] Although the Plaintiff titled the instant motion as an "amended" motion for the appointment of counsel, (ECF No. 29), the court will refer to it as Plaintiff's second motion given that the first one was denied, (ECF No. 19).

## II. LEGAL STANDARD

As discussed in the Court's previous denial of Plaintiff's motion for appointment of counsel, the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts have the authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Courts must review both of these factors before deciding whether to appoint counsel, and neither factor is individually dispositive. Id.

## II. ANALYSIS

### A. Likelihood of Success on the Merits

The Court denied Plaintiff's previous motion for the appointment of counsel because Plaintiff presented no evidence to the Court regarding the likelihood of his success on the merits of his claim in this case. (See ECF No. 19.) In Plaintiff's motion for the appointment of counsel, he claims that the confidential settlement statements Plaintiff filed for the March 27, 2019 and August 7, 2019 settlement conferences "corroborate Plaintiff's allegation that Defendant was duty-bound to apprise transportation officials of Plaintiff's travel restrictions[.]" (See ECF No. 29.) Having reviewed the confidential settlement statements filed under seal, and having participated in two settlement conferences with the parties, the Court finds that the documents cited by Plaintiff do not demonstrate a likelihood of success on the merits above what Plaintiff previously provided. This factor therefore does not support the appointment of counsel.

**B.     Plaintiff's Ability to Articulate his Claims**

Where a pro se civil rights plaintiff shows he has a good grasp of basic litigation procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding that the second Wilborn factor was not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented evidence effectively"). The Court has reviewed all of the documents filed by Plaintiff in this case including the Complaint [ECF No. 1], motion to proceed in forma pauperis [ECF No. 2], reply to Defendant's answer [ECF No. 15], Plaintiff's first motion for the appointment of counsel [ECF No. 13], the parties' confidential settlement statements for the March 27, 2019 and August 7, 2019 settlement conferences, and the instant amended motion for the appointment of counsel [ECF No. 29]. The Court notes that the Plaintiff appeared telephonically at the Case Management Conference on December 17, 2018 [ECF No. 17, and by video conference at the Mandatory Settlement Conference on March 27, 2019 [ECF No. 24], and the Settlement Conference on August 7, 2019 [ECF No. 27]. Furthermore, the Court held a telephonic status conference on October 7, 2019, specifically to address possible discovery issues raised by Plaintiff in the instant motion, (see ECF No. 29 at 4-5, ECF No. 31). At that telephonic conference, the Court discussed Plaintiff's concerns, and Plaintiff informed the Court that the parties have resolved any outstanding discovery disputes. (ECF No. 33.) These documents and conferences demonstrate that, to date, Plaintiff has been able to articulate his claims, communicate in English with the Court, and navigate civil procedure without legal assistance.

The information before the Court suggests that the complexity of this case does not exceed Plaintiff's abilities. As previously noted, the Court is sympathetic to Plaintiff's lack of legal expertise and limited access to the law library. It does not appear, however, that the described conditions are exceptional circumstances that interfere with his continued ability to advocate for his position, such that they justify

appointment of counsel. In many prisoner civil rights cases, a lack legal expertise is the norm rather than an exceptional circumstance. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).

### III. CONCLUSION AND ORDER

Viewing the Wilborn factors together, the evidence before the Court does not demonstrate that Plaintiff enjoys a likelihood of success on the merits or that he is not able to articulate his claims and litigate his case without the assistance of an attorney. The Court thus finds Plaintiff has not established exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). The Court, therefore, **DENIES** Plaintiff's motion for appointment of counsel **without prejudice**.

**IT IS SO ORDERED.**

Dated: October 9, 2019

Honorable Michael S. Berg
United States Magistrate Judge