UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GALLEGOS,<br><br>         Plaintiff,<br><br>v.<br><br><br><br>K. SEELEY, M.D.,<br><br>         Defendant. | Case No.:  18cv1322-JAH (MSB)<br><br>**ORDER:**<br><br>**1. DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 42);**<br><br>**2. GRANTING PLAINTIFF'S REQUEST TO CONTINUE FINAL PRETRIAL CONFERENCE (Doc No. 48); AND**<br><br>**3. SCHEDULING TELEPHONIC STATUS HEARING** |

  Pending before the Court is Plaintiff Alejandro Gallego's ("Plaintiff) third motion for appointment of counsel and motion to continue final pretrial conference. *See* Doc. Nos. 42, 48. In support of the motion for appointment of counsel, Plaintiff argues the likelihood of success on the merits and the complexity of the issues involved in the case warrant the need for the court to appoint counsel. *See generally Id.* at 42. Plaintiff requests a continuance as to the final pretrial conference and related filing dates because of his ongoing recovery from COVID-19 and the challenges presented by the public health

1

emergency, and to allow him additional time to secure private counsel. *See generally Id.* at 48.

## DISCUSSION

As discussed in the Court's previous denials of Plaintiff's motions for appointment of counsel, the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't Soc. Servs.,* 452 U.S. 18, 25 (1981). The Court may request an attorney voluntarily to represent a person proceeding *in forma pauperis* who is unable to afford counsel. 28 U.S.C. § 1915(d). "Counsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir. 1990). However, appointment of counsel by the Court in such circumstances is discretionary, not mandatory. *United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir. 1995).

Here, Plaintiff has not demonstrated "exceptional circumstances" warranting an appointment of counsel at this stage of the proceeding, nor has he shown the inability to prepare and present his case without the assistance of counsel. While Plaintiff has adequately articulated his claims, it is difficult to determine at this time whether it is likely that Plaintiff will succeed on the merits. Although Plaintiff alleges the complexity of the issues involved in the case necessitate the need for voluntary counsel, a review of the record demonstrates Plaintiff's ability to diligently represent himself in this action. Moreover, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for an appointment of counsel. *See, e.g., Wood,* 900 F.2d at 1335-36. In light of Plaintiff's current effort to secure private counsel and Plaintiff's ability to diligently represent himself, the Court finds that Plaintiff has not established the "exceptional circumstances" required for the appointment of counsel, pursuant to 28 U.S.C. § 1915(e)(1).

///

# **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third motion for appointment of counsel is **DENIED** without prejudice (Doc. No. 42).

2. Plaintiff's request to continue final pretrial conference and related fillings is **GRANTED** (Doc. No. 48)**.**

    a. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **November 6, 2020**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

    b. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **November 13, 2020**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

    c. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **November 20, 2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

    d. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be

prepared, served and lodged with the Court by **December 2, 2020**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

e. The final Pretrial Conference is scheduled before the Court on **December 9, 2020** at **10:30 a.m.**

f. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

g. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

h. The dates and times set forth herein will not be modified except for good cause shown.

i. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

3. The parties shall appear telephonically before this Court for a status hearing on **August 26, 2020 at 10:30 a.m**. The parties shall contact chambers at 619-557-5716.

**IT IS SO ORDERED.**

DATED: July 29, 2020

_____
Hon. John A. Houston
United States District Judge